## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### IN ADMIRALTY

| | |
|---|---|
| THE COMPLAINT OF KING MARITIME & EQUIPMENT LLC, as Owner of the 2015 Yamaha HIN YAMA4538C515, for exoneration from or Limitation of Liability | Case No: 6:19-cv-00458-PGB-LRH |

### EMMA ZIULKOWSKI'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a), Emma Ziulkowski ("Ziulkowski") moves to intervene in this action as a claimant, as a matter of right, and in support states:

### STATEMENT OF FACTS

This matter arises from a jet ski versus jet ski accident that occurred on June 3, 2018, in Volusia County, Florida. One jet ski was owned and operated by Joshua Shane Leonard (hereinafter referred to as the "Leonard jet ski"). Emma Ziulkowski was a passenger on the Leonard jet ski. The other jet ski was owned by King Maritime & Equipment LLC and was being operated by Eric Thims (hereinafter referred to as the "King jet ski"). Brittney Lehmann Abel was a passenger on the King jet ski.

The King jet ski and the Leonard jet ski collided with one another on June 3, 2018. As a result of the collision, Ziulkowski suffered substantial injuries to her left

leg which required emergency surgery. As a result of the collision, Ziulkowski has brought a claim against any all responsible parties for the personal injuries that she sustained. Ziulkowski's investigation revealed that one of the jet skis was owned by King Maritime & Equipment LLC (hereinafter referred to as "King Maritime"). After becoming aware of the ownership, counsel for Ziulkowski requested King Maritime's insurance disclosures pursuant to Fla. Stat. 627.4137.

After making the request for insurance disclosures, Ziulkowski was informed by King Maritime's agent that King Maritime no longer owned the jet ski and that King Maritime would supply a "bill of sale" evidencing the transfer of ownership from King Maritime to Eric Thims.

In lieu of the bill of sale Ziulkowski's counsel received correspondence from J. Michael Pennekamp stating that he was retained to represent King Maritime. Mr. Pennekamp informed Ziulkowski's counsel that he would assist in obtaining the insurance disclosures that Ziulkowski requested.

King Maritime filed the instant matter on March 8, 2019, without providing notice to Ziulkowski's counsel of the filing. On March 11, 2019, Ziulkowski's counsel became aware that King Maritime filed the instant action seeking to limit its respective liability for any personal injury claim that Ziulkowski (and any other party) has against King Maritime. It is unequivocal that Ziulkowski has a vested interest in the outcome of King Maritime's Petition for Exoneration from or

Limitation of Liability given the fact that King Maritime owned a jet ski involved in the June 3, 2018, collision. For these reasons, Ziulkowski requests that this Court grant an Order permitting Ziulkowski to intervene in this matter.

## MEMORANDUM OF LAW

**A. Ziulkowski is entitled to Intervene as a Matter of Right**

Fed. R. Civ. P. 24 (a), governs intervention of right, which provides in pertinent part as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Conservancy of Southwest Fla. v. United States Fish & Wildlife Serv.*, Case No. 2:10-cv-106-FTM-SPC, June 7, 2010 U.S. Dist. LEXIS 80274, *4-5 (M.D. Fla. 2010) (quoting *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336,

337 (M.D. Fla. 2002)). "If each of these four requirements are met, the court must allow the party to intervene in the action." *Conservancy of Southwest Fla.*, 2010 U.S. Dist. LEXIS 80274 at *5 (citing *TIG Specialty Ins. Co.*, 208 F.R.D. at 337). Once a party "establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *Purcell v. Bank Atlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

### i. The Application for Intervention is Timely

Rule 24 does not specify when a motion to intervene must be brought by. "'[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles v. Thornburgh*, 865 F.2d 1197 at 1213 (11th Cir. 1989) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). "Generally Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case." *Conservancy of Southwest Fla.*, 2010 U.S. Dist. LEXIS 80274 at *5-6. Here, Ziulkowski is filing this Motion to Intervene within one business day of the filing of King Maritime's Petition for

Exoneration from or Limitation of Liability. As such, Ziulkowski's application for intervention is timely as there was no delay and no prejudicial impact.

### ii. Ziulkowski has an Interest in the Litigation

"The Supreme Court of the United States has defined 'interest' under Rule 24 as a 'significantly protectable interest.'" *TIG Specialty Ins. Co.*, 208 F.R.D. at 337 (quoting *Donaldson v. U.S.*, 400 U.S. 517, 531 (1971)). "In determining the sufficiency of the interest, this Circuit requires that the intervenor 'must be at least a real party in interest in the transaction which is the subject of the proceeding' and 'must have a direct, substantial, legally protectable interest in the proceeding.'" *TIG Specialty Ins. Co.*, 208 F.R.D. at 337 (quoting *World v. Dept of Health & Rehabilitative Servs.*, 929 F.2d 591, 594 (11th Cir. 1991)). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." *World*, 929 U.S. at 1214.

Here, it is clear that Ziulkowski has a direct and substantial interest in this litigation. The injuries sustained by Ziulkowski in the June 3, 2018, jet ski collision are substantial and catastrophic in nature and fault apparently remains contested among the operators of the two jet skis. Accordingly, it is in Ziulkowski's interest to identify any and all potential defendants/at-fault parties and to make claims against same for her personal injuries. Further, depending on discovery it may certainly come to light that King Maritime is not entitled to a limitation of liability

under 46 U.S.C. 30501 *et seq*. Without joining Ziulkowski to this action, King Maritime may erroneously contend it has no liability to Ziulkowski because of the provisions of 46 U.S.C. 30501.

### iii. Ziulkowski's Interests are not Adequately Represented by the Existing Parties

In the Eleventh Circuit "[t]he proposed intervenors' burden to show that their interests may be inadequately represented is minimal." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Id*. In a case such as this, it is clear that Ziulkowski's interests are not represented in any capacity by King Maritime. In fact, it is clear that King Maritime's interests are directly contrary to Ziulkowski's interest. For example, should it be determined that King Maritime is not entitled to a limitation on an award of damages, Ziulkowski would be entitled to collect the full amount of any judgment rendered against King Maritime. Stated differently, King Maritime has a vested interest in attempting to mitigate the amount of exposure and loss that it is potential liable for and in doing so will not represent Ziulkowski's interests in the instant matter.

## CONCLUSION

Given the above arguments, Ziulkowski should be permitted to intervene under Federal Rule of Civil Procedure 24(a)(2).

> Respectfully Submitted,
>
> _____
> Brian T. Dunmire, Esquire
> Florida Bar No.: 98389
> THE ORLANDO LAW GROUP, PL
> 12301 Lake Underhill Road, Suite 213
> Orlando, Florida 32828
> Telephone:    407-512-4394
> Facsimile:    407-955-4654
> E-Mail:bdunmire@theorlandolawgroup.com
> Secondary: macosta@theorlandolawgroup.com
> *Counsel for Emma Ziulkowski*

## CERTIFICATION UNDER LOCAL RULE 3.01

Prior to filing this Motion, counsel for Ziulkowski conferred with counsel for King Maritime. King Maritime, through its attorney, does not oppose the requested relief sought in this Motion.

_____
Brian T. Dunmire, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2019, a true and correct copy of the foregoing was served via e-mail to all parties of record.

_____
Brian T. Dunmire, Esquire