UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

In re KING MARITIME & EQUIPMENT LLC, as Owner of the 2015 Yamaha HIN YAMA4538C15,

      Petitioner.

CASE NO. 6:19-cv-00458-PGB-LRH

### RESPONSE TO EMMA ZIULKOWSKI'S UNOPPOSED MOTION TO INTERVENE

COMES NOW Petitioner, ("Petitioner") KING MARITIME & EQUIPMENT LLC, as Owner of the Yamaha wave runner bearing HIN YAMA4538C515 ("Vessel") at issue in this above-captioned case, and files this Response to Emma Ziulkowski's Unopposed Motion to Intervene (Doc. No. 4), and states:

### STATEMENT OF FACTS

This matter arises from a wave runner collision that occurred on June 3, 2018. As stated in Petitioner's initial Petition, Petitioner was not operating either of the vessels involved in the accident. In fact, Ms. Ziulkowski acknowledges the same in her statement of facts admitting that Eric Thims was operating the Vessel at the time of the accident and Joshua Shane Leonard was operating the other vessel involved in the collision. (Doc. No. 4). In fact, the four people believed to have been involved in the accident were Mr. Leonard (operator); Ms. Ziulkowski (passenger); Mr. Thims (operator) and Ms. Abel (passenger).

Ms. Ziulkowski appears to allege that her injuries were somehow related to Petitioner's status as owner of the Vessel. Based on this, Ms. Ziulkowski asserts that she is entitled to intervene in this matter. As will be discussed in more detail below, Petitioner does believe that Ms. Ziulkowski should be involved in this proceeding but Petitioner objects to the procedure by which

Ms. Ziulkowski attempts to intervene. Rather, Petitioner asserts that Ms. Ziulkowski should file a claim in this action as provide for in Rule F(5), Supplemental Rules for Admiralty or Maritime Claims.

### THE MOTION INCORRECTLY STATES THAT IT IS UNOPPOSED

Ms. Ziulkowski's Motion is labeled "unopposed" when, in fact, Petitioner advised counsel that the proper avenue to "intervene" in this matter was to file a claim on behalf of Ms. Ziulkowski pursuant to Supplemental Rule F(5). No waiver of objection to the Motion was agreed to by the undersigned on behalf of Petitioner. Notably, a copy of the motion was not provided to the undersigned prior to the filing of same. King Maritime does oppose Ms. Ziulkowski's Motion to Intervene, as procedurally improper believing that a she should instead file a claim pursuant to Rule F(5).

### MS. ZIULKOWSKI'S MOTION IS IMPROPER IN THIS PROCEEDING

Petitioner filed a Verified Petition for Exoneration or Limitation of Liability on March 8, 2019, pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims. (Doc. No. 1). Pursuant to Rule F (5), "Claims and Answer. . . . Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which they accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability he claimant shall file and serve an answer to the complaint unless the claim has included an answer." Rule F, Supplemental Rules for Admiralty or Maritime Claims.

Ms. Ziulkowski's Motion to Intervene was and is improper based on Rule F. Ms. Ziulkowski, as a claimant, has the options of filing a claim and/or answer to the petition. Filing a Motion for Intervention pursuant to Rule 26 is improper in a Limitation of Liability action. Indeed, the cases cited by Ms. Ziulkowski illustrate the point. Specifically, in *Conservancy of S.W. Fla. v.*

*U.S. Fish & Wildlife Serv.*, 2010 U.S. Dist. LEXIS 80274 (M.D. Fla. 2010) is a case in which Plaintiff sought injunctive and declaratory relief requiring Federal Defendants to initiate rulemaking to establish critical habitat for the Florida panther and arose mostly from the Endangered Species Act. This is in no way related to the instant action which is steeped in maritime law and is a fairly routine limitation of liability action. Ms. Ziulkowski reliance on *Purcell v. Bank Atlantic Financial Corp.*, 85 F. 3d 1508 (11th Cir. 1996), a case arising out of a class action suit involving real estate exchange transactions, is also misplaced as irrelevant.

Ms. Ziulkowski goes onto argue that, pursuant to the not-applicable Rule 26, her application for intervention is timely, she has an interest in litigation, and her interests are not adequately represented by the existing parties. Notably, Petitioner does not dispute that the Motion for Intervention was filed timely, that Ms. Ziulkowski has a potential interest in the litigation or that her interests are not represented by King Maritime or the undersigned in this action. Petitioner simply asserts that the Motion to Intervene is not the proper procedure to assert the claim and that Ms. Ziulkowski should be ordered to file a claim pursuant to Rule F if she chooses to proceed with a claim against King Maritime.

WHEREFORE, Petitioner respectfully requests this Honorable Court enter an Order denying Ms. Ziulkowski's Motion to Intervene and for any such other and further relief deemed appropriate by this Court.

Dated: March 25, 2019

Respectfully submitted,

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201
*Counsel for Petitioner, King Maritime & Equipment LLC*

4

CASE NO. 6:19-cv-00458-PGB-LRH

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/ J. Michael Pennekamp</u>
J. Michael Pennekamp

CASE NO. 6:19-cv-00458-PGB-LRH

## SERVICE LIST

CASE NO. 6:19-cv-00458-PGH-LRH

Brian T. Dunmire, Esq.
The Orlando Law Group, PL
12301 Lake Underhill Road, Suite 214
Orlando, FL 32828
E-Mail: bdunmire@theorlandolawgroup.com;
macosta@theorlandolawgroup.com
Telephone: (407) 512-4394
Facsimile: (407) 955-4654
Attorney for EMMA ZIULKOWSKI

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200