# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE THE COMPLAINT OF KING
MARITIME & EQUIPMENT LLC AS
OWNER OF THE 2015 YAMAHA HIN
YAMA4538C515, FOR EXONERATION
FROM OR LIMIATION OF LIABILITY

Case No:   6:19-cv-458-Orl-40LRH

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **KING MARITIME & EQUIPMENT LLC'S MOTION FOR ORDER FOR ENTRY OF DEFAULT (Doc. No. 17)** |
| **FILED:** | **August 19, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 8, 2019, King Maritime & Equipment LLC (Petitioner) filed a verified petition for exoneration from or limitation of liability, pursuant to Rule F, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  (Doc. 1 (Petition)).  The Petitioner seeks exoneration from or limitation of liability for all losses, damages, deaths, injuries, and destruction alleged to have occurred as a result of a collision between two vessels on June 3, 2018.  (*Id.*).

On April 25, 2019, Emma Ziulkowski answered the Petition.  (Doc. 10).  No other individuals or entities have answered the Petition.  On June 7, 2019, the Court entered an order approving the Ad Interim Stipulation of Value and directing the issuance of monition and injunction.  (Doc. 12).  On August 19, 2019, the Petitioner filed a notice stating that it complied with the Court's June 7, 2019 order by publishing the "Notice of Monition/Notice to Claimants of Exoneration From

or Limitation of Liability in the Palm Beach Daily Business Review once a week for four consecutive weeks[.]" (Doc. 16). In support, the Petitioner attached a proof of publication, which indicates that the requisite notice was published on June 19, 2019, June 26, 2019, July 3, 2019, and July 10, 2019. (Doc. 16-1 at 2).

Also on August 19, 2019, the Petitioner moved for the entry of default against Ms. Ziulkowski and all other potential claimants. (Doc. 17). In support, the Petitioner points to the Notice of Monition/Notice to Claimants of Exoneration From or Limitation of Liability, which states that any answer/claim must be filed on or before July 22, 2019. (*Id*. at 1). The only individual to file an answer or claim was Ms. Ziulkowski. (Doc. 10). The Petitioner states that Ms. Ziulkowski, who is represented by counsel, confirmed in an email, which is attached to the Motion, that she "does not intend to file a claim or contest the entry of an Exoneration or Limitation of Liability of the subject claim." (Doc. 17 at 2 (citing Doc. 17-1)). In light of Ms. Ziulkowski's lack of intent to file a claim or contest the entry of an Exoneration or Limitation of Liability and given the passage of the deadline to file an answer or claim, the Petitioner requests that the Court enter "default against Ms. Ziulkowski and all other potential claimants barring the filing of any further claims or answers in this or any proceeding relating to the collision at issue[.]" (*Id*.). No one – including Ms. Ziulkowski - has filed a response in opposition to the Motion. Therefore, the Motion is unopposed.

Upon due consideration of the Motion, which is unopposed, the Court finds the Motion well-taken.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 17) is **GRANTED**.

2. The Clerk is directed to enter default against Emma Ziulkowski and all other potential claimants who have not filed answers or claims in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 20, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties